**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-00858-O** |
| | § | |
| **MAXUMUS TAX, LLC, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel (ECF No. 20), Brief in Support (ECF No. 21), and Appendix in Support (ECF No. 22). Defendants did not file a response. The Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND[1]

On August 11, 2025, the United States of America ("Government" or "Plaintiff") initiated an action against Maxumus Tax, LLC, and James Carroll III (collectively "Defendants") seeking injunctive relief. The Government asserts that Defendants prepared false or fraudulent tax returns for their customers. Discovery commenced on December 8, 2025. The Government served its initial requests for production on December 12, 2025. The Government specifically requested from each Defendant:

> 12. All documents and communications, including e-mails, letters, text messages, instant messages, social media messages, electronic messages, and other correspondence, addressing: (a) any federal or state investigation of tax returns prepared at any tax return preparation business You own/owned, co own/co-owned, or operate/operated; (b) any federal or state investigation of any services You sold or provided at any tax return preparation business

[1] All background facts are taken from Plaintiff's Motion to Compel unless otherwise specified.

> You own/owned, co-own/co-owned, or operate/operated; or (c) this civil injunction litigation.

Defendants neither served responses to the requests for production within the time limit provided by FED. R. CIV. P. 34, nor did they seek an extension of that deadline prior to its expiration. The Government asserted that Defendants waived their objections to the document requests, an assertion Defendants did not contest.

On July 17, 2026, discovery closed, although the parties agreed to conduct depositions after that date. On July 15, 2026, the Government took the deposition of a non-party customer, Mary Lee ("Lee"), a resident of Houston, Texas, who hired Defendants to prepare multiple tax returns. Lee testified that among other false items reported on tax returns prepared by Maxumus, her 2023 and 2024 tax returns reported nonexistent businesses that, combined, asserted Lee incurred more than $13,000 in fictitious expenses to fraudulently claim EITC's exceeding $13,000. After the deposition, Lee received a text from "[J]ames your tax man" which she forwarded to the Government. The text said:

> All they want to know if you agree with what's on the file, they just want to make sure I did good business with you! As long as you agree you're in and out. Once they see you agree, it will be quick!

The Government forwarded the text to Defendants' counsel seeking an explanation. The Government also forwarded an email received by Lee from "James Carroll <maxumustax777@gmail.com," stating "the govt just wants to verify that 'you agree' with everything that was discussed and placed on you[r] return."

Counsel from the Government and counsel from Defendants conferred by telephone on August 7, 2026, to discuss the lack of response to request for production number 12 and the authenticity of the text message and email. Defendants' counsel agreed to supplement their response to request number 12, authenticate the email, and authenticate the text by August 15,

2026. The Government made repeated attempts to collect the responses to request number 12. Defendants' counsel continued to maintain the discovery was "under review" as of September 4, 2026. Additionally, Defendants' counsel refused to authenticate the text message.

The Government requested: (1) grant the United States a 30-minute limited deposition to re-depose a non-party witness who resides more than 100 miles from this Court solely to address communications she received from Defendants attempting to influence the substance of her deposition testimony; (2) order Defendants to produce to the United States within 15-days all previously non-produced documents responsive the United States' December 12, 2025 document requests; (3) allow the United States to serve requests for admission to Defendants to authenticate recently discovered electronic communications from 8 Defendants to non-party witnesses; and (4) grant the United States reasonable costs it incurred from bringing this motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. The Rule provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

Federal Rule of Civil Procedure 37 controls motions to compel discovery or disclosure. "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). After a party has attempted in good faith to obtain discovery without court action, Rule 37 allows a motion to compel when a party fails to answer or respond to a request for production under Rule 34, provided such discovery requests are within the scope of Rule 26(b). FED. R. CIV. P 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A response to a Rule 34 request "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for each item or category. FED. R. CIV. P.34(b)(2)(B). The 2015 revision of the Federal Rules precludes the use of boilerplate objections. *See* FED. R. CIV. P. 26(b) advisory committee's notes to 2015 amendment.

The failure to maintain an objection throughout the duration of a discovery dispute, including in response to a motion to compel, may constitute waiver of the argument. *E.g.*, *Garcia v. Padilla*, No. 2:15-CV-735-FtM-29CM, 2016 WL 881143, at *3 (M.D. Fla. Mar. 8, 2016); *Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004).

## III. ANALYSIS

The Government timely served Defendants with Requests for Production.[2] Defendants failed to serve responses in the time required by the Federal Rules.[3] Defendants do not maintain a standing objection to the request. To the contrary, Defendants have stated they would produce responsive documents but continue to delay actual production due to "review."[4] The party resisting discovery has the burden of showing how each discovery request is not relevant or otherwise objectionable. *Quarles*, 894 F.2d at 1485. Defendants not only failed to make an objection but did not file a response to this motion to compel. Therefore, Defendants did not meet their burden.

---

[2] Pl.'s Br. Supp. Mot. Comp. 2, ECF No. 21.
[3] *Id.* at 3.
[4] *Id.* at 5.

Additionally, Defendants have provided no reasonable objection to authenticating the text messages sent to Lee, advising her to agree to the tax returns. Assuming the Government sends Defendants' counsel the text messages, phone number, and date of the text, Defendants should have no issues with authentication. Considering the subject matter of the text is subject to request for production number 12, the Government should already have a copy of the text if the text was sent by Defendants.

Finally, the Court agrees Defendants should pay the costs of this motion. FED. R. CIV. P. 37(5)(A) provides guidance for when the Court must grant costs. Here, the Court granted the motion, the movant made a good faith attempt to obtain discovery without court action, Defendants failed to provide any justifiable objection, and no other circumstances make the award unjust. FED. R. CIV. P. 37 (5)(A).

## IV. CONCLUSION

Considering the justification provided by the Government for the Motion to Compel and Defendants failure to offer any counter argument, the Motion to Compel is **GRANTED** along with the following relief:

(1) the Government may have a 30-minute limited deposition to re-depose the non-party witness, solely to address communications she received from Defendants attempting to influence the substance of her deposition testimony;

(2) Defendants are **ORDERED** to produce to the Government within 15-days of this order all previously non-produced documents responsive to the Government's December 12, 2025, document requests;

(3) the Government may serve additional requests for admission to Defendants to authenticate recently discovered electronic communications from Defendants to non-party witnesses;

(4) the Government may recover reasonable costs it incurred from bringing this motion.

**SO ORDERED** on this **October 14, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**